UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

MICHAEL BELIKE CLARK,

               Plaintiff,               Case No. 1:10-cv-818

v.                                            Honorable Janet T. Neff

CINDI CURTIN et al.,

               Defendants.
_____/

**OPINION DENYING LEAVE
TO PROCEED *IN FORMA PAUPERIS* - THREE STRIKES**

Plaintiff Michael Belike Clark, a prisoner incarcerated at Oaks Correctional Facility (ECF), filed a complaint pursuant to 42 U.S.C. § 1983. Plaintiff seeks leave to proceed *in forma pauperis*. Because Plaintiff has filed at least three lawsuits that were dismissed as frivolous, malicious or for failure to state a claim, he is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). The Court will order Plaintiff to pay the $350.00 civil action filing fee within twenty-eight (28) days of this opinion and accompanying order, and if Plaintiff fails to do so, the Court will order that his action be dismissed without prejudice. Even if the case is dismissed, Plaintiff will be responsible for payment of the $350.00 filing fee in accordance with *In re Alea*, 286 F.3d 378, 380-81 (6th Cir. 2002).

**Discussion**

The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA

was "aimed at the skyrocketing numbers of claims filed by prisoners – many of which are meritless – and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress put into place economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the "three-strikes" rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604-06 (6th Cir. 1998); *accord Rodriguez v. Cook*, 169 F.3d 1176, 1178-82 (9th Cir. 1999);

*Rivera v. Allin*, 144 F.3d 719, 723-26 (11th Cir. 1998); *Carson v. Johnson*, 112 F.3d 818, 821-22 (5th Cir. 1997).

Plaintiff has been an active litigant in the federal courts in Michigan, having filed more than thirty lawsuits. The Courts have dismissed at least four of these lawsuits as frivolous or for failure to state a claim. *See Clark v. Smooth Magazine*, 2:06-cv-55 (W.D. Mich. Mar. 27, 2006); *Clark v. Wayne County*, No. 2:94-cv-72424 (E.D. Mich. Sept. 14, 1994); *Clark v. Smith*, No. 1:92-cv-31 (W.D. Mich. Feb. 3, 1992); *Clark v. City of Detroit*, No. 2:91-cv-73892 (E.D. Mich. Nov. 6, 1991). Although three of the dismissals were entered before enactment of the PLRA on April 26, 1996, the dismissals nevertheless count as strikes. *See Wilson*, 148 F.3d at 604. In addition, the Court has denied Plaintiff leave to proceed *in forma pauperis* based on 28 U.S.C. § 1915(g) on at least eight prior occasions. *See Clark v. Capello*, No. 2:09-cv-145 (W.D. Mich. Aug. 4, 2009); *Clark v. Straub*, No. 2:04-cv-157 (W.D. Mich. Aug. 17, 2004); *Clark v. Schroeder*, No. 2:01-cv-90 (W.D, Mich. Sept. 25, 2001); *Clark v. Lemke*, No. 1:05-cv-15 (W.D. Mich. Jan. 17, 2001); *Clark v. Allen*, 1:99-mc-65 (W.D. Mich. July 9, 1999); *Clark v. Palmer*, No. 1:99-cv-120 (W.D. Mich. Feb. 26, 1999); *Clark v. Ball*, No. 4:97-cv-87 (W.D. Mich. Jan. 9, 1998); *Clark v. Vidor*, No. 1:97-cv-509 (W.D. Mich. July 11, 1997).

Moreover, Plaintiff's allegations do not fall within the exception to the three-strikes rule because he does not allege any facts establishing that he is under imminent danger of serious physical injury. In his 48-page complaint, Plaintiff raises a number of unrelated claims. The bulk of his allegations involve claims that he has been deprived of his First Amendment rights to practice his religion, to have access to the courts, to petition government and to be free of retaliation for the exercise of those rights. He also alleges that, on limited occasions in the past, he has been deprived of his prescription medications. In the only allegations relevant to imminent danger, Plaintiff alleges

that he has been informed of threats by a gang, some of whose members, like Plaintiff, are housed in protective custody at ECF. Plaintiff asserts that he should be transferred to protective custody in another institution. Plaintiff, however, provides no evidence that a genuine risk to his health or safety exists while he is in protective custody at ECF, notwithstanding his personal preference to be moved. In fact, he makes no allegations that opportunities exist for gang-related inmates to assault him while he remains in protective custody. He therefore fails to show that any danger of assault is imminent.

In light of the foregoing, § 1915(g) prohibits Plaintiff from proceeding *in forma pauperis* in this action. Plaintiff has twenty-eight (28) days from the date of entry of this order to pay the entire civil action filing fee, which is $350.00. When Plaintiff pays his filing fee, the Court will screen his complaint as required by 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c). If Plaintiff fails to pay the filing fee within the 28-day period, his case will be dismissed without prejudice, but he will continue to be responsible for payment of the $350.00 filing fee.

Dated: September 7, 2010      /s/ Janet T. Neff
                              Janet T. Neff
                              United States District Judge

**SEND REMITTANCES TO THE FOLLOWING ADDRESS**:
Clerk, U.S. District Court
399 Federal Building
110 Michigan Street, NW
Grand Rapids, MI 49503

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**